SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation
  James P. Hill, SBN 90478
  Donald G. Rez, SBN 82615
600 B Street, Suite 1700
San Diego, California 92101
Tel:   (619) 233-4100
Fax:   (619) 231-4372

Attorneys for Defendant/Cross Defendant,
Frank O'Connor

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDLER CO. INC., <br><br>Plaintiff,<br><br>v.<br><br>SPLINTERNET HOLDINGS, INC.<br>VIDIATION, INC.<br>VIDIATION, LLC<br>FRANK OCONNOR, and<br>JAMES ACKERLY<br><br>Defendants. | CASE NO. 3:22-MC-01801<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT FRANK O'CONNOR FOR ORDER VACATING REGISTRATION OF JUDGMENT FROM ANOTHER DISTRICT** |

**TO THE COURT, AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Frank O'Connor hereby submits his Memorandum of Points and Authorities in support of his motion for order vacating registration of judgment from another district.

## MEMORANDUM OF POINTS AN AUTHORITIES

By this Motion, Frank O'Connor seeks to vindicate California public policy and seeks to vacate the registration of James Ackerly's stale and unenforceable Connecticut judgment, this time after he re-registered that judgment in the Eastern District of Virginia. Alternatively, Mr. O'Connor seeks to vacate or clarify in what amount the judgment may be enforced. (Cal. Code Civ. Proc. § 1710.40). California law explicitly applies to the attempted registration of a foreign District Court Judgment into a District Court in California. Rule 69 of the Federal Rules of Civil Procedure; <u>Marx v. Go Pub. Co.</u>, 721 F. 2d. 1272, 1273 (9th Cir. 1983).

This Court already vacated the first direct attempt to register the underlying Connecticut District Court judgment because of California's powerful public policy prohibiting the enforcement of stale judgments–judgments in excess of ten (10) years. As this Court recited in its Order Granting Motion of Defendant Frank O'Connor for Order Vacating Registration of Judgment from Another District, dated October 28, 2022, Case No. 22-mc-1300 (ECF 7), "California has a very clear statute of limitations–no proceeding or action may be had upon a judgment or decree of any court of the United States unless it occurs within 10 years. Cal. Civ. Proc. Code § 337.5; 683.020(a)." As to the attempted registration of the underlying Connecticut judgment this Court ordered "that the registration of the Connecticut judgment in this District is hereby VACATED."

Instead of acknowledging and acquiescing to California's strong public policy,[1] Claimant Ackerly has attempted to subvert that policy by registering the old Connecticut judgment in Virginia and then presenting the judgment registered in Virginia (which is nothing more than a registration of the Connecticut judgment) as a new judgment restarting the statute of limitations in California. One would have

---

[1] Ackerly apparently filed to register the Connecticut judgment in the Easter District of Virginia on November 1, 2022. He then filed that resulting registered judgment in this Court on December 6, 2022. A copy of the registration was sent by Federal Express to this firm, but has not otherwise been served on Mr. O'Connor.

#5379046v2

2

MPA in Support of Motion to Vacate Registration of Judgment From Another District

thought this "end-around" was barred by the res judicata effect of this Court's Order of October 28, 2022 vacating the previous effort to register the Connecticut judgment.

California law and California public policy precludes any "action, upon a judgment or decree of any court of the United States or of any State within the United States" unless it is brought "within 10 years." Cal. Civ. Proc. Code § 337.5. Indeed, under Cal. Civ. Proc. Code § 683.020: "Except as otherwise provided by statute, upon the expiration of 10 years after the date of entry of a money judgment or a judgment for possession or sale of property: (a) The judgment may not be enforced, (b) All enforcement procedures pursuant to the judgment or to a writ or order issued pursuant to the judgment shall cease." Cal. Civ. Proc. Code § 683.020(a) and (b). Indeed, before an application for entry of a sister state money judgment can be made in California the application must be executed "under oath" and include "a statement that an action in this state on the sister state judgment is not barred by the applicable statute of limitations." Cal. Civ. Proc. Code § 1710.15(b)(1). The statute of limitations in California, and the clear public policy supported thereby, barred the registration of this stale judgment in this matter and it must be vacated.

True, 28 U.S.C. § 1963 provides that a judgment entered in one District Court can be registered in another District Court:

> A judgment in an action for the recovery of money or property entered in any . . . district court. . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final . . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

That statute on its face does not effect the resurrection of a judgment already determined to be stale in California. And, Rule 69 of the Federal Rules of Civil Procedure requires that, except as otherwise provided by statute, District Courts must follow state practice regarding the collection and enforcement of a judgment. The Supreme Court has been clear that such efforts do not constitute a new lawsuit but are

efforts to collect on the existing judgment. See <u>Mackey v. Lanier Collection Agency & Service, Inc.</u>, 486 U.S. 825, 834–835, n. 10, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988) ("postjudgment garnishment action brought under Rule 69 is part of the 'process to enforce a judgment,' not a new suit" (alteration omitted and emphasis deleted)), quoted in, <u>Bank Markazi v. Peterson</u>, 578 U.S. 212, 233, 136 S. Ct. 1310, 1327, 194 L. Ed. 2d 463 (2016). Moreover the out of state Connecticut judgment may only be enforced to the extent permitted by California.  <u>McElmoyle ex rel. Bailey v. Cohen</u>, 13 Pet. 312, 325, 10 L.Ed. 177 (1839) (judgment may be enforced only as "laws [of enforcing forum] may permit") quoted in, <u>Baker by Thomas v. Gen. Motors Corp.</u>, 522 U.S. 222, 235, 118 S. Ct. 657, 665, 139 L. Ed. 2d 580 (1998).

Mr. O'Connor recognizes and acknowledges that the Ninth Circuit's opinion in <u>Fid. Nat. Fin., Inc. v. Friedman</u>, 803 F.3d 999, 1003 (9th Cir. 2015) is to the contrary and countenances the ploy being attempted here: "The fact that successive registration potentially allows plaintiffs to register a judgment that has previously expired under a state's statute of limitations is irrelevant in view of the plain language of § 1963." But in that opinion, the court did not address the strong public policy of the State of California (Arizona was the state of registration in that case) nor how that California public policy was incorporated into enforcement of judgments by Rule 69 of the Federal Rules. Nor did the court consider that the language of 28 U.S.C. § 1963 says nothing about the creation of a new judgment in the registering district, only that it may "be enforced in like manner." Here, the underlying Connecticut judgment could not be enforced at all in California, and the same should be true of that judgment registered elsewhere. As the Ninth Circuit had previously suggested, one could point "to no authority suggesting that registration in one district–even if accomplished when the judgment was live–'extends' the statute of limitations in all districts." <u>In re Est. of Ferdinand E. Marcos Hum. Rts. Litig.</u>, 536 F.3d 980, 989 (9th Cir. 2008).

Alternatively, there remains an active dispute between the parties appropriate for resolution on this Motion to Vacate. In his moving papers to vacate the previous

attempt to directly register the Connecticut judgment, Mr. O'Connor raised the issue of the proper post-judgment interest rate: "Mr. O'Connor will request this Court for a clarifying order concerning the amount of interest due on the judgment. In his letter of September 16, 2022, Plaintiff, through his counsel, asserts post-judgment interest of $444,825.81 has accrued at 10% per annum. But the federal post-judgment interest rate applicable pursuant to 28 U.S.C. § 1961 (the weekly average one-year constant maturity Treasury yield) in effect on the date of the entry of the Connecticut District Court judgment was 0.1%, not 10%." Memorandum of Points and Authorities in Support of Frank O'Connor's Motion for Order Vacating Registration of Judgment From Another District at fn.1 Case No. 22-mc-1300 (ECF 4). Mr. Ackerly responded in his Statement of Non-Opposition to Motion for Order Vacating Registration of Judgment from Another District filed October 25, 2022, Case No. 22-mc-1300, ECF 5 at fn. 1 (ECF 4): "In their Stipulation for Judgement on Cross Claim, the parties clearly, unambiguously, agreed that the ten-percent interest rate would apply post-judgment."

Obviously, there is a significant dispute between the parties as to the amount of the Connecticut judgment. This motion to vacate remains an appropriate vehicle to address that issue. Cal. Civ. Proc. Code § 1710.40(a) provides:

> A judgment entered pursuant to this chapter may be vacated on any ground which would be a defense to an action in this state on the sister state judgment, including the ground that the amount of interest accrued on the sister state judgment and included in the judgment entered pursuant to this chapter is incorrect.

The parties in the Connecticut action entered into a Stipulation for Judgment on Cross Claim (<u>Idler Company, Inc. v. Splinternet Holdings, Inc. et al.</u>, U.S. District Court, District of Connecticut, Case No. 3:09-cv-00698, ECF 82, filed on August 2, 2011). Here's what the stipulation says:

> 2.      O'Connor will pay this amount [$400,000] to the individual defendant James C. Ackerly, together with simple interest of ten percent (10%) per year as provided by Conn. Gen. Stat. Section 37-3a, with the

following opportunities to pay less (Interest will accrue beginning August 2, 2011, or the date the Court accepts this Stipulation, whichever is later).[2]

And the Judgment, into which the above stipulation was merged was entered on September 23, 2011 and says that $400,000 is:

"payable to defendant James C. Ackerly, plus simple interest of ten percent per year pursuant to C.G.S. Section 37-3a, beginning August 3, 2011."

There is nothing in the judgment explicitly displacing the federal post-judgment interest rate; this is especially telling given that the application of the Connecticut rate would be 100 times [!] the federal rate. While the Connecticut rate of 10% applies to interest from the period of the stipulation until entry of judgment, the federal interest rate should be applied thereafter to calculate and determine accruing post judgment interest (after September 23, 2011). 28 U.S.C. § 1961. Cataphora Inc. v. Parker, 848 F. Supp. 2d 1064, 1074–75 (N.D. Cal. 2012) ("federal law governs postjudgment interest.").

"Parties wishing to contract around the statutory rate must do so using 'clear, unambiguous, and unequivocal language,' otherwise the contract merely merges into the judgment." Tricon Energy Ltd. V. Vinmar Int'l, Ltd., 718 F.3d. 448, 458–59 (5th Cir. 2013); Thus, an award of "post-award interest" does not replace the statutory post-judgment rate provided by statute. Id.; see, DLI Assets, LLC v. Pirate Gem, LLC, No. 17-CV-02216-BAS-NLS, 2018 WL 1920219, at *6 (S.D. Cal. Apr. 23, 2018).

Here, the court in Connecticut did not specify that its reference to a 10% interest rate (which was 100 times greater than the federal post-judgment rate) was to displace the statutory rate. As in Tricon, "Because the arbitration panel did not use the words 'postjudgment interest,' it is far from clear that it meant to award postjudgment

---

[2] It is notable that the Stipulation for Judgment on Crossclaim is not signed by an attorney for Mr. O'Connor.

interest." <u>Tricon Energy Ltd. v. Vinmar Int'l, Ltd.</u>, 718 F.3d 448, 458–59 (5th Cir. 2013).

"As the Tenth Circuit explained in <u>In re Riebesell</u>, 586 F.3d 782, 794 (10th Cir.2009): 'Parties may contract to, and agree upon, a post judgment interest [rate] other than that specified in § 1961. But to do so, they must specifically contract around the general rule that a cause of action reduced to judgment merges into the judgment and the contractual interest rate therefore disappears for postjudgment purposes. If parties want to override the general rule on merger and specify a post judgment interest rate, they must express such intent through clear, unambiguous and unequivocal language.' <u>Id.</u> at 794 (internal quotation marks and citations omitted)." <u>Aboulhosn v. Merrill Lynch, Pierce, Fenner & Smith Inc.</u>, 940 F. Supp. 2d 1203, 1228 (C.D. Cal. 2013), rev'd and remanded sub nom. <u>Aboulhosn v. Lynch</u>, 606 F. App'x 377 (9th Cir. 2015).

Here, the parties were not clear that Connecticut law would supersede federal law as to post-judgment interest (rather than apply between the period of the entry of the stipulation and the entry of the judgment), so the federal statute should apply.

In conclusion, this Court should consider California public policy and vacate this new attempt to register the stale Connecticut judgment by means of having registered that same judgment in Virginia. Alternatively, this Court should clarify that the amount of judgment is limited to the federal post-judgment interest rate as set forth in 28 U.S.C. § 1961.

Mr. O'Connor notes again that he would welcome this Court's assistance in working out a resolution of this matter (through an ENE or settlement conference, for example).

Dated: December 30, 2022                SULLIVAN HILL REZ & ENGEL
                                        A Professional Law Corporation

                                        By:  /s/ James P. Hill
                                             James P. Hill
                                             Attorneys for Defendant, Frank O'Connor